1
2
3
4
5
6                       **UNITED STATES DISTRICT COURT**
7                            **DISTRICT OF NEVADA**
8

9   Ronnie Edwards,
10                Plaintiff                    Case No.: 2:13-cv-01316-JAD-CWH
11                   v.                        **Order Granting Extension for Service of**
12  Officer Hightower et al.,                 **Process and Issuing *Subpoenas Duces Tecum***
13                Defendants
14
15          This civil-rights action arises out of sanitation and deliberate-indifference violations that
16  plaintiff Ronnie Edwards alleges he suffered while a pretrial detainee in the Clark County Detention
17  Center ("CCDC").  This Court's January 14, 2014, screening order allowed four claims to proceed
18  against defendants Hightower, Reyes, Mitchell, Dr. Mondora, Nurse Katrina, Scott, and John Does 1
19  through 4.[1]  Summonses were issued as to all named defendants; all six were returned unexecuted.[2]
20  Edwards moves for an extension of time to conduct discovery that will allow him to properly
21  identify and serve these defendants.[3]  Having reviewed the record and law, the Court issues the
22
23
24  ─────────────────────
25      [1] *See* Doc. 6 at 10 (screening complaint as required by 28 U.S.C. § 1915A).
26      [2] Docs. 8, 12–14.
27      [3] Doc. 15.
28                                            1

following *subpoena duces tecum* on the Las Vegas Metropolitan Police Department ("Metro").[4]

The Court's screening order directed service on defendants Hightower, Reyes, Mitchell, Dr. Mondora, Nurse Katrina, and Scott and ordered that summonses for the defendants be delivered to the United States Marshals Service ("USMS") for service.[5]  Edwards was allowed 30 days to provide the USMS with USM-285 forms for service.[6]  Within 20 days of receiving copies of the USM-285 forms from the USMS that showed whether service was accomplished, Edwards was required to file a notice with the Court stating which defendants were successfully served and which defendants were unsuccessfully served.[7]  If he wished to attempt service again on any unserved defendant, he was directed to file a motion that identified the unserved defendant(s) and specified a more detailed name and/or address for each defendant, or specified if another service method should be attempted.[8]

On May 2, 2014, the USMS returned all summonses unexecuted.[9]  As Edwards writes in his motion for extension, the unexecuted summonses state with regard to Dr. Raymond Mondora and Nurse Katrina Simeon that "LVMPD does not accept process for contractors."[10]  Mondora's and Simeon's full names appear on their first summonses.[11]  For the remaining four defendants, the summonses indicate that "LVMPD does not accept process without proper identifiers."[12]  Yet

---

[4] The Court finds this motion appropriate for resolution without oral argument.  LR 78-2.  In addition, the Court liberally construes all pro-se motions and pleadings.  *See Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

[5] Doc. 6 at 10–1.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] Doc. 27.

[10] Doc. 13 at 1–4; Doc. 15 at 2.

[11] Doc. 13 at 1–4.

[12] Doc. 13 at 5–12; Doc. 15 at 2.

2

1    Edwards provided a job description (Metro officer) and last name for Hightower—which is a

2    distinctive last name—and provided job descriptions, last names, and P numbers for Mitchell,

3    Reyes, and Scott on their summonses—but even these combinations of information did not suffice

4    for Metro.[13]  There is no indication that Metro made any effort to comply with the summonses and

5    identify its employees.  Instead, it appears Metro refused service because none of the CCDC

6    defendants was identified in the wholly unspecified manner that Metro apparently prefers.  The

7    summons notes further indicate that Metro is actually aware of Monora's and Simeon's identities

8    because they contract with Metro.

9         On June 6, 2014, Edwards filed notices of the defendants who were successfully served and

10   those who were not.[14]  The Court's screening order allowed him 20 days to file this notice; he took

11   35 days.[15]  The Court liberally construes his notices as compliance with its screening-order

12   instructions regarding notice of the state of service on the defendants, but also warns Edwards that

13   he should take care to fully comply with court-ordered deadlines going forward.  "Although we

14   construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."[16]

15   This Order examines the stall in service on the six defendants alleged to work at the CCDC.

16        Federal Rule of Civil Procedure 45(c)(2)(A) authorizes the Court to issue a *subpoena duces*

17   *tecum* for production of documents or information.[17]  One of the rule's purposes is "to facilitate

18   access outside the deposition procedure provided by Rule 30 to documents and other information in

---

[13] Doc. 13 at 7, 9, 11.

[14] Docs. 14.  Edwards also filed a notice of concern regarding service on April 10, 2014, before the USMS returned the unexecuted summons.  Doc. 12.

[15] Doc. 6 at 10–1.

[16] *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).

[17] *See also* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection.").

28

3

the possession of persons who are not parties."[18]  "The non-party witness is subject to the same scope of discovery under this rule as that person would be as a party to whom a request is addressed pursuant to Rule 34."[19]  Based upon this authority and on the foregoing facts, the Court orders that:

1.   The Clerk of Court shall issue a *subpoena duces tecum* to the custodian of records at CCDC directing the custodian to provide the first and last names and last-known addresses of the contractor defendants and Metro-employee defendants identified in plaintiff's complaint as: Mondora, Simeon, Hightower, Reyes, Mitchell, and Scott.

2.   The Clerk of Court shall deliver the *subpoena duces tecum,* the summons, complaint, and a copy of this order to the USMS.

3.   The USMS shall serve the *subpoenas duces tecum* and a copy of this order on the custodian of records at CCDC.

4.   The custodian of records shall respond to the *subpoenas duces tecum* within 14 days of receipt.  The custodian shall provide its response to the USMS, and the USMS shall file these defendants' first and last names and last-known addresses under seal.

5.   Within 20 days after receiving the information from CCDC, the USMS shall use the information provided by CCDC to attempt to serve the summonses and complaint on defendants Mondora, Simeon, Hightower, Reyes, Mitchell, and Scott.  The USMS shall provide Edwards with Forms USM-285 (listing these defendants' first and last names, and not listing their addresses) indicating whether service was effected.

6.   Edwards shall file the USM-285 forms within 10 days after receiving them from the USMS.

. . .

. . .

. . .

[18] *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005) (quoting Fed. R. Civ. P. 45 advisory committee's note) (internal quotation marks omitted).

[19] *Id.* (quoting Fed. R. Civ. P. 45 advisory committee's note) (internal quotation marks omitted).

7.    If the USMS is unable to serve these defendants and Edwards wishes to have service again attempted, he must file a motion with the Court within 20 days.  His motion must specify a more detailed name and/or address for each defendant, or whether some other manner of service should be attempted.  Under Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120 days from the date this order is entered.

8.    Edwards is reminded that he must comply with court-ordered deadlines.  If he does not timely comply with all aspects of this Order, it may result in dismissal of this action.

DATED July 9, 2014.

_____
Jennifer A. Dorsey
United States District Judge

5