**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| RONNIE EDWARDS, | ) | |
| Plaintiff, | ) | Case No. 2:13-cv-01316-JAD-CWH |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| LAS VEGAS METROPOLITAN POLICE | ) | |
| DEPARTMENT, *et al*. | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Plaintiff's Motion for Issuance of Subpoena Duces Tecum (#24), filed August 18, 2014; Defendant Las Vegas Metropolitan Police Department's ("Metro") Response (#26), filed August 28, 2014; and Plaintiff's Reply (#27), filed September 9, 2014. The matter is also before the Court on Plaintiff's Motion for Status Check (#25), filed August 28, 2014, and Plaintiff's Motion of Concern (#34), filed November 17, 2014.

Plaintiff's application to proceed in this matter *in forma pauperis* (#1) was granted on January 14, 2014. *See* Order (#6). In addition, the Court screened the complaint and held Plaintiff had stated a "colorable claim for deliberate indifference to Plaintiff's safety" in violation of the Eighth Amendment that should proceed against Defendants Hightower, Reyes, Mitchell, and John Doe.[1] *Id* at 5. The Court also held that Plaintiff stated a colorable claim of deliberate indifference to medical needs in violation of the Eighth Amendment that should proceed against Defendants Dr. Mondora, Nurse Katrina, Reyes, Scott, and several John Does. *Id* at 8. As such, the Clerk of Court was ordered

---

[1] In permitting the case to proceed against John Doe defendants, the Court noted the general rule that the use of "Doe" pleading to identify a defendant is disfavored. *See* Order (#6) at n. 3. Nevertheless, Plaintiff was not precluded from pursuing discovery to identify unknown defendants and file an amended complaint, if necessary. *Id*.

to issue summons for Defendants Hightower, Reyes, Mitchell, Scott, Dr. Mondora, and Nurse Katrina and deliver them along with the complaint to the United States Marshal for service. The Clerk was also instructed to send Plaintiff USM-285 forms to fill out and furnish to the U.S. Marshal within 30 days. Plaintiff was instructed to file a notice with the Court within 20 days after receiving a copy of the USM-285 form from the Marshal indicating whether service had been accomplished.

On February 12, 2014, Plaintiff filed a notice indicating that he was unsure whether he was supposed to provide a copy of the summons and complaint to the Marshal. (#9). On May 22, 2014, the USM-285 returns were filed indicating that none of the six named defendants had been served. (#13). Thereafter, on June 6, 2014, Plaintiff filed a notice confirming that none of the named defendants had been served and a motion requesting an extension of time to effectuate service. *See* Notice (#14) and Motion (#15).

On July 9, 2014, the Court entered an order granting Plaintiff's motion to extend time to serve and issuing *subpoenas duces tecum*. (#16). The Court noted the service requirements set forth in its screening order, including the direction for service on Defendants Hightower, Reyes, Mitchell, Dr. Mondora, Nurse Katrina, and Scott. After review of Plaintiff's motion (#15) and the service return (#13), the Court noted: "[I]t appears Metro refused to comply with the summonses and identify its employees. Instead, it appears Metro refused service because none of the CCDC defendants was identified in the wholly unspecified manner that Metro apparently prefers." *See* Order (#16) at 3:4-6. Consequently, the Court issued a *subpoena duces tecum* pursuant to Fed. R. Civ. P. 45 directed toward the custodian of records at CCDC requiring that the first and last names and last known addresses of all defendants be provided under seal to the United States Marshal. *Id*. at 4:4-14. Plaintiff was provided an additional 120 days to accomplish service under Rule 4(m).

In response to the Rule 45 subpoena, Defendants, through counsel, filed an emergency motion to quash the subpoena. (#20). The Court set the motion for hearing, which went forward as scheduled on August 11, 2014. During the course of the hearing, the parties agreed that the Rule 45 subpoena was no longer necessary. Counsel for Las Vegas Metropolitan Police Department indicated that a renewed request by Plaintiff for a Rule 45 subpoena, at least as to the Metro defendants, was not necessary as Defendants are not trying to evade service. Ultimately, the parties agreed that quashing

the subpoena was appropriate and that Plaintiff would simply file additional information upon which Metro would be able to adequately identify the Metro Defendants and accept service.

Shortly after the hearing, on August 18, 2014, Plaintiff filed the motion currently under consideration.  By way of the motion, Plaintiff requests the issuance of two *subpoenas duces tecum*. Plaintiff has attached several exhibits which provide additional identifying information regarding Defendants Hightower, Reyes, Mitchell, and Scott that he hopes will aid Metro identify the officers. Also, acknowledging that Defendants Mondora and Simeon were employed by a contracted third-party at the time of the alleged incidents, Plaintiff requests a *subpoena duces tecum* be issued to the registered agent of Naphcare, Inc.

In response, Metro indicates that it does not oppose the issuance of the requested subpoena as to the Metro officers, but expresses its belief that the issuance of summons with the name of the Metro officer and their identifying number should be sufficient to permit Metro to accept service on behalf of the individual officers.

## DISCUSSION

### 1. Metro Defendants

Plaintiff requests that the Court issues a *subpoena duces tecum* to the Custodian of Records at Clark County Detention Center requiring production of the names and addresses of the Metro Defendants Hightower, Reyes, Mitchell, and Scott.  The undersigned agrees with defense counsel that a Rule 45 subpoena does not appear necessary as to these defendants.  As acknowledged by Metro's counsel, the information contained in the exhibits attached to Plaintiff's motion should be sufficient to permit Metro to identify and, if appropriate, accept service on behalf of the named officers. Consequently, the Court will instruct the Clerk to issue new summons for Defendants Hightower, Reyes, Mitchell, and Scott as follows:

Officer Hightower, B13600H
330 S. Casino Center Blvd.
Las Vegas, NV 89101

Officer Reyes, 7766
330 S. Casino Center Blvd
Las Vegas, NV 89101

Officer Mitchell, 5069

330 S. Casino Center Blvd.
Las Vegas, NV 89101

Officer Scott, 8124
330 S. Casino Center Blvd.
Las Vegas, NV 89101

The numbers located next to the officers name represent identification numbers provided by the individual officers on the grievance forms attached as exhibits to Plaintiff's motion (#24). Due to the significant delay in this case and the representation by counsel for Las Vegas Metropolitan Police Department in both its response to Plaintiff's motion (#26) and during the August 11, 2014 hearing, the Court will order that copies of this order, Plaintiff's motion (#127), the newly issued summons, and the complaint be provided to the appropriate representative of Las Vegas Metropolitan Department by Metro's counsel. Las Vegas Metropolitan Police Department shall have twenty-one (21) days from the date of this order to inform the Court whether it will accept service on behalf of the identified defendants. Should Las Vegas Metropolitan Police Department determine that it is unable to accept service on any of these defendants, the Court will set a further hearing.

**2. Naphcare, Inc. Defendants**

Defendants Mondora and Katrina appear to be employees of third-party service provider Naphcare, Inc., who is well known to the Court. Plaintiff's request for a Rule 45 subpoena to the registered agent of Naphcare, Inc. is well taken. The authorization of a *subpoena duces tecum* requested by an *in forma pauperis* litigant is subject to limitations. *Alexander v. California Dep't of Corrections*, 2010 WL 5114931 (E.D. Cal). Because personal service of a *subpoena duces tecum* is required under Rule 45(b), "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court." *See Frazier v. Redding Police Dep't*, 2012 WL 5868573 (E.D. Cal.) (citation omitted). "Limitations include the relevance of the information sought as well as the burden and expense to the non-party providing the requested information." *Id*. Normally, a motion for issuance of *subpoena duces tecum* should clearly identify the documents sought and show that the records are only obtainable through the identified non-party. *Id*. Non-parties are "entitled to have the benefit of [the] Court's vigilance" in ensuring the non-party does not suffer excessive or unusual expenses in complying with a *subpoena duces tecum*. *Id*.

4

The information Plaintiff needs in order to effectuate service on Defendants Mondora and Katrina is in possession of non-party Naphcare, Inc.   Thus, the Court will approve issuance of a *subpoena duces tecum* to be served on the registered agent of Naphcare, Inc. by the United States Marshal.  Service must be personally made on Naphcare, Inc.'s registered agent, whose address shall be listed on the subpoena as follows:

> Naphcare, Inc.
> C/O Registered Agents Legal Services, LTD.
> 112 N. Curry St.
> Carson City, NV 89073

Upon receipt, Naphcare, Inc. shall have twenty-one (21) days to provide the last known address and telephone number of Defendant Mondora and Katrina as identified in Plaintiff's complaint to the Court under seal.  Failure to comply may result in significant sanctions, including a recommendation that Naphcare, Inc. and its officers be held in contempt.

**3. Rule 4(m)**

On July 9, 2014, the Court entered an order granting Plaintiff an additional 120 days to effectuate, making the deadline to accomplish service under Rule 4(m) by **Thursday, November 6, 2014**.  Obviously that date has passed and, through no fault of Plaintiff, service has still not been completed.  Federal Rule of Civil Procedure 4(m), which states: "If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.  Fed. R. Civ. P. 4(m).  Courts have broad discretion to extend time for service under Rule 4(m).  *Efaw v. Williams*, 473 F.3d 1038, 1041(9th Cir. 2003).  The 120-day time period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance."  *Henderson v. United States*, 517 U.S. 654, 661 (1996).  "On its face, Rule 4(m) does not tie the hands of the district court after the 120-day period has expired.  Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint *after* that 120-day period."  *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003).  Moreover, the Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the

court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." See Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments.  Generally, "good cause" is equated with diligence.  *See* Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1337.

Though not stated with precision, the Court construes Plaintiff's motion (#24) to include a request for an extension of time to effectuate service under Rule 4(m).  Plaintiff has been diligent in his efforts and, therefore, the Court will grant an additional 60 days to accomplish service measured from the date of this order.

Based on the foregoing and good cause appearing,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Issuance of Subpoena Duces Tecum (#24) is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue new Summons to Defendants Hightower, Reyes, Mitchell, and Scott as set forth in this order.  A copy of the new Summons, Complaint, Plaintiff's Motion (#24), and this order shall be delivered to counsel for Las Vegas Metropolitan Police Department as identified on the docket.

**IT IS FURTHER ORDERED** that Counsel for Las Vegas Metropolitan Police Department shall deliver a copy of the new Summons, Complaint, Plaintiff's Motion (#24), and this order to Las Vegas Metropolitan Police Department who, in turn, shall have twenty-one (21) days from the date of this order to inform the Court whether it will accept service on behalf of the identified defendants.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue a *subpoena duces tecum* to Non-Party Naphcare, Inc. and deliver a copy of the Subpoena and this order to the United States Marshal for personal service on Naphcare, Inc.'s registered agent for service of process and file a return with the Court.   Naphcare, Inc. shall have twenty-one (21) days from receipt of the subpoena to provide the last known address and telephone number of Defendant Mondora and Katrina as identified in Plaintiff's complaint to the Court under seal.  Failure to comply may result in sanctions, up to and including a recommendation that Naphcare, Inc. and/or its officers be held in contempt.

**IT IS FURTHER ORDERED** that the deadline for service under Fed. R. Civ. P. 4(m) is

extended sixty (60) days from the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motions (#25) and (#34) are **denied as moot**.

DATED: December 12, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

7