# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RONNIE EDWARDS, )
                                           )     Case No. 2:13-cv-01316-JAD-CWH
                Plaintiff, )
vs. )     **ORDER**
                                           )
LAS VEGAS METROPOLITAN POLICE )
DEPARTMENT, *et al*. )
                                           )
                Defendants. )
_____)

## INTRODUCTION

This matter is before the Court on Plaintiff Ronnie Edwards's ("plaintiff") Motion for Appointment of Counsel (doc. # 57), Motion to Extend Time to Effectuate Service (doc. # 58), Motion for Amendments to the Scheduling Order (doc. # 59), and Motion for Additional Interrogatories (doc. # 60), all filed February 23, 2015.

## DISCUSSION

**1.     Motion for Appointment of Counsel (doc. # 57)**

Plaintiff reasserts his request for the Court to appoint counsel in the instant case. See Doc. # 57; Doc. # 29. In support, plaintiff contends he is unable to competently represent himself, he has limited access to legal materials and the law library, and complex legal issues are involved in the instant case.

Courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to appoint an attorney to represent indigent civil litigants upon a showing of "exceptional circumstances." See Ageyman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). However, "[t]here is no constitutional right to appointed counsel in a § 1983 action." Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (citations omitted). To determine whether the "exceptional circumstances" necessary for appointment

of counsel are present, the court evaluates: (1) the likelihood of plaintiff's success on the merits, and (2) plaintiff's ability to articulate his claim pro se "in light of the complexity of the legal issues involved." Agyeman, 390 F.3d at 1103 (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)). Neither of these factors is dispositive and both must be viewed together. Wilborn, 789 F.2d at 1331. The court has considerable discretion in making these findings.

Upon review, the Court finds that the exceptional circumstances necessary to justify appointment of counsel are not present. Plaintiff has previously demonstrated his ability to articulate his claims, has filed various motions and cited to relevant authority despite his purportedly limited access to legal materials and the law library, and the legal issues in this case are not complex. So long as a pro se litigant is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" that might require the appointment of counsel do not exist. Wilborn, 789 F.2d at 1331 (emphasis added). As such, this Court denies plaintiff's request.

**2.     Motion to Extend Time to Effectuate Service (doc. # 58)**

Plaintiff also asks the Court for an additional 120 days to effect service on Defendant Mitchell. In determining plaintiff's request, this Court turns to Rule 4(m) of the Federal Rules of Civil Procedure. Under Rule 4(m), service must be accomplished within 120 days from the date a court order is entered. According to Rule 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed.R.Civ.P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.

Courts have broad discretion to extend time for service under Rule 4(m). Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2003). The 120-day time period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." Henderson v. United States, 517 U.S. 654, 661 (1996). "On its face, Rule 4(m) does not tie the hands of the district court after the 120-day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after that 120-day period." Mann v. American Airlines, 324 F.3d 1088, 1090 (9th Cir. 2003). Moreover, the Advisory Committee Notes to Rule 4(m)

2

state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." See Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments. Generally, "good cause" is equated with diligence. See Wright & Miller, Federal Practice and Procedure: Civil 3d § 1337.

The initial 120-day time period to effectuate service has passed. However, the Court finds that plaintiff has been diligent in his efforts to serve various defendants in this case. Nevertheless, plaintiff will only be given an additional thirty (30) days to attempt service on Defendant Mitchell.

### 3. Motion for Amendments to the Scheduling Order (doc. # 59)

Plaintiff then asks the Court to extend various deadlines in the scheduling order issued on January 29, 2015, doc. # 55. This Court finds that plaintiff's request is premature. As such, the Court denies plaintiff's request without prejudice.

### 4. Motion for Additional Interrogatories (doc. # 60)

Plaintiff further asks the Court for leave to serve an additional forty-five (45) interrogatories on each defendant and non-party in the instant case. Rule 33 of the Federal Rules of Civil Procedure limits interrogatories to twenty-five (25) per party, including discrete subparts, but the Court may grant leave to serve additional interrogatories to the extent consistent with Rule 26(b)(2). See Fed.R.Civ.P. 33(a)(1). This limitation is not intended to "prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of this discovery device." Advisory Committee Notes to the 1993 Amendments to Fed.R.Civ.P. 33.

This Court finds that plaintiff fails to demonstrate why 25 interrogatories per party is insufficient to obtain the information plaintiff seeks. This Court further finds that plaintiff must do more than merely represent to this Court that he is "indigen[t]" and, thus, is entitled to an additional 45 interrogatories per party. As such, this Court denies plaintiff's request without prejudice.

### CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that plaintiff's Motion for Appointment of Counsel (doc. # 57) is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Extend Time to Effectuate Service

(doc. # 58) is **granted in part and denied in part**.  Plaintiff shall have an additional **thirty (30) days** to attempt service on Defendant Mitchell.

       **IT IS FURTHER ORDERED** that plaintiff's Motion for Amendments to the Scheduling Order (doc. # 59) is **denied without prejudice**.

       **IT IS FURTHER ORDERED** that plaintiff's Motion for Additional Interrogatories (doc. # 60) is **denied without prejudice**.

       DATED:  February 24, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**