# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RONNIE EDWARDS, | Case No. 2:13-cv-01316-JAD-CWH |
| Plaintiff, | |
| vs. | **ORDER** |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*, | |
| Defendants. | |

This matter is before the Court on Defendants Dr. Raymond Mondora and Nurse Katrina Simeon's ("Defendants") Emergency Motion to Compel Copies (doc. # 88), filed April 20, 2015. In the instant motion, Defendants seek to compel Plaintiff Ronnie Edwards ("Plaintiff") to resend legible copies of his HIPAA authorization forms, claiming the forms previously received from Plaintiff contained an unverifiable signature and date.

Rule 34 of the Federal Rules of Civil Procedure ("FRCP") governs requests for production. Rule 34 permits a party to serve on another party a request to produce or allow inspection of documents or tangible items that are in the "responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Rule 34 requests must fall within the scope of discovery as defined in Rule 26(b) of the FRCP. See Clark v. Vega Wholesale, Inc., 181 F.R.D. 470, 471 (D. Nev. 1998).

As a preliminary matter, this Court notes that Plaintiff complied with Defendants' initial request to submit signed and dated HIPAA authorization forms so Defendants could continue to request, receive, and disclose Plaintiff's medical records from medical providers. However, this Court

finds that Plaintiff was under no obligation to comply with Defendants' request.  As this Court previously held, "HIPAA regulations provide a satisfactory means for obtaining relevant medical records for purpose[s] of litigation **without the requirement for a signed authorization by the party**." Lopez v. Cardenas Markets, Inc., No. 2:11-CV-00323-ECR, 2011 WL 4738111, at *3 (D. Nev. Oct. 5, 2011)  (citing Powell v. Texvans, Inc., No. 2:09-CV-01079-LDG, 2010 WL 4791507, at *2 (D. Nev. Nov. 18, 2010)) (emphasis added). Given such, Defendants cannot compel Plaintiff to execute a HIPAA authorization for release of medical records from medical providers.  Defendants are not without an alternative, however, and can secure copies of medical records from the relevant custodian pursuant to a Rule 45 subpoena.  See Lopez, 2011 WL 4738111, at *3.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Emergency Motion to Compel Copies (doc. # 88) is **denied**.

DATED: April 21, 2015

_____
**C.W. Hoffman, Jr.
United States Magistrate Judge**

2