# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RONNIE EDWARDS,

              Plaintiff,

vs.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*

              Defendants.

Case No. 2:13-cv-01316-JAD-CWH

**ORDER**

## INTRODUCTION

This matter is before the Court on Plaintiff's motions (docs. # 61, # 65, # 77, # 83), Defendants' responses (docs. # 66, # 67, # 84, # 85), and Plaintiff's replies (docs. # 75, # 93).

## DISCUSSION

**1.    Motion for Subpoena Duces Tecum (doc. # 61) and Amended Motion (doc. # 65)**

In his motion (doc. # 61), Plaintiff asks the Court to compel non-parties NaphCare, Inc. ("NaphCare"), the Nevada Department of Corrections ("NDOC"), and University Medical Center ("UMC") to produce all of his medical records, along with the identities of those persons who treated him. Plaintiff then filed an amended motion (doc. # 65), which this Court construes as a motion to supplement Plaintiff's original motion (doc. # 61) and grants on that basis.[1]

Defendants, in response, ask the Court to deny Plaintiff's motion as moot because Defendants already provided Plaintiff with his complete NaphCare medical records, including identifiable medical

---

[1] The Court notes that the difference between docs. # 61 and # 65 appear to be non-substantive changes on pages 16 and 17 of these documents.

providers. Defendants also point out they have already requested Plaintiff's medical records from the NDOC and UMC, and affirm the information received will be disclosed to all parties as soon as possible following receipt.[2]

In reply, Plaintiff contends that Defendants misrepresent the truth, claiming Defendants provided him with records containing "incorrect" time stamps, and have not provided him with specific records and handwritten notes about his care. Plaintiff also filed another supplemental brief (doc. # 93) without leave of Court.

Because Defendants are still awaiting Plaintiff's medical records from the NDOC and UMC, this Court finds the instant motion premature and, as such, denies the motion without prejudice. The Court also directs the Clerk of Court to strike doc. # 93 as an impermissibly filed brief.

**2.   Motion of Concern (doc. # 77)**

Plaintiff brings the instant motion to express his concern that this Court's denial of his motion for subpoena duces tecum (doc. # 61) would leave Plaintiff without access to his medical records. Plaintiff also brings the instant motion to express concern over Defendants' decision to vacate a previously scheduled subpoena duces tecum deposition at the UMC.

In response, Defendants point out that Plaintiff brings the instant motion without bothering to engage in a "meet and confer" with Defendants, as required by this Court's local rules. Defendants also point that Plaintiff will not suffer prejudice for their decision to vacate the previously scheduled deposition, as that deposition was vacated due to receipt of the requested records, with Defendants providing copies of the records received to all parties through a served supplemental disclosure statement. Defendants further point out that Plaintiff has excessively filed discovery-related motions in this case without bothering to meet and confer with Defendants, and therefore Defendants ask the Court to admonish Plaintiff in this regard. Plaintiff did not file a reply.

This Court finds no viable basis for Plaintiff's motion. As such, Plaintiff's motion is denied. The Court also warns Plaintiff that he will be sanctioned if he continues to excessively file discovery-related motions on the record without first bothering to meet and confer with Defendants in an attempt

---

[2] This Court notes that Defendants, in doc. # 67, point out that docs. # 61 and # 65 are alike except for slight changes and, thus, request that all arguments contained in their opposition (doc. # 66) be considered responsive to docs. # 61 and # 65.

to resolve these issues.

**3.    Motion Opposing Deposition (doc. # 83)**

Plaintiff asks the Court to require Defendants to supplement their deposition notices with "the method of recording" for the depositions.

In response, Defendants point out they already explained to Plaintiff that the subpoenas and scheduled depositions were solely for the purpose of obtaining Plaintiff's medical records, and there was no expectation that the depositions would actually take place. Defendants also point out that the deposition notices contain standard language used by attorneys, and any deposition that actually occurs would comply with Rule 30 of the Federal Rules of Civil Procedure, with an oath administered at the deposition by an individual authorized to provide such an oath. Defendants then point out that Plaintiff again failed to meet and confer with Defendants prior to filing the instant motion. Thus, Defendants reiterate their request for this Court to admonish Plaintiff in this regard. Plaintiff did not file a reply.

Again, this Court finds no viable basis for granting the instant motion, and notes that the issue raised by Plaintiff could easily have been addressed by defense counsel if Plaintiff bothered to meet and confer. As such, the Court denies the instant motion, and reiterates its earlier warning that Plaintiff will be sanctioned if he continues to excessively file discovery-related motions on the record without first meeting and conferring with Defendants to resolve discovery issues.

## CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Subpoena Duces Tecum (doc. # 61) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Motion for Subpoena Duces Tecum (doc. # 65) is construed as a Motion to Supplement doc. # 61, and is **granted** on that basis.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **strike** doc. # 93 from the record.

**IT IS FURTHER ORDERED** that Plaintiff's Motion of Concern (doc. # 77) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion Opposing Deposition (doc. # 83) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff will be subject to sanctions if he continues to

1  excessively file discovery-related motions on the record without first meeting and conferring with
2  Defendants to resolve issues.
3       DATED:  May 8, 2015

                                              _____
                                              **C.W. Hoffman, Jr.**
                                              **United States Magistrate Judge**