**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RONNIE EDWARDS, | ) |
| Plaintiff, | ) Case No. 2:13-cv-01316-JAD-CWH |
| vs. | ) **ORDER** |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al*. | ) |
| Defendants. | ) |

**INTRODUCTION**

This matter is before the Court on Plaintiff Ronnie Edwards's ("Plaintiff") motions (docs. # 101, # 104, # 106, # 109, # 111), Defendants' response (doc. # 105), and Plaintiff's reply (doc. # 113).

**BACKGROUND**

Plaintiff, proceeding pro se, is a prisoner in the custody of the Nevada Department of Corrections ("NDOC") and currently incarcerated at the High Desert State Prison. On January 14, 2014, the Court entered a screening order finding that Plaintiff had pled sufficient facts to support his Eighth Amendment claims for deliberate indifference to his medical needs and deliberate indifference to his safety. See Doc. # 6. The Court's screening order also directed the Clerk of Court, among others, to issue summonses for various defendants and to send plaintiff USM-285 forms to fill out and furnish to the U.S. Marshals Service so defendants could be served. Id. The Court subsequently issued orders governing service, along with a discovery schedule, in the instant case. See Docs. # 23, # 37, # 42, # 54, # 55.

**DISCUSSION**

**1.      Motion for Reconsideration of Order # 95 (doc. # 101)**

Plaintiff asks the Court to reconsider it's prior order (doc. # 95), claiming the Court did not directly address Plaintiff's request to issue a subpoena duces tecum to third party Clark County Detention Center ("CCDC"). No response was filed.

Because a subpoena duces tecum must be personally served under Federal Rule of Civil Procedure 45(b), "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court." Id. (citing Austin v. Winett, No. 1:04-cv-05104 DLB PC, 2008 WL 5213414, at *1 (E.D. Cal. Dec. 12, 2008) and 28 U.S.C. § 1915(d)); see also Frazier v. Redding Police Dep't, No. CIV S-11-1351 GGH P, 2012 WL 5868573, at *8 (E.D. Cal. Nov. 19, 2012) (same). By extension, the authorization of a subpoena duces tecum requested by an in forma pauperis plaintiff is subject to limitations. See Alexander v. California Dep't of Corrections, No. 2:08-cv-2773 MCE KJN P, 2010 WL 5114931, at *3 (E.D. Cal. Dec. 9, 2010). Limitations include "the relevance of the information sought as well as the burden and expense to the non-party in providing the requested information." Frazier, 2012 WL 5868573, at *8. Moreover, a motion for a subpoena duces tecum should clearly identify the documents sought and establish that the records are only obtainable through the identified third party. Id. Such considerations help ensure that third parties do not suffer excessive or unusual expenses in complying with a subpoena duces tecum. Id.

A review of each of Plaintiff's 32 separate requests, notwithstanding another 8 requests under point 32, reveals that Plaintiff fails to show, among others, the relevance of the information sought and whether the records sought are obtainable only through the CCDC. See Doc. # 65 at 18-24 (Plaintiff's original motion for issuance of subpoena duces tecum). In light of these failures, the instant motion is denied.

**2.      Motion to Extend Discovery (doc. # 104)**

Plaintiff asks the Court to extend the discovery deadlines to: (1) enable him to review and edit the transcript of his upcoming deposition; (2) allow him to review discovery materials he may receive from defending officers following the issuance of a protective order in this case; and (3) serve subpoenas on third parties as they are made known to him.

1   Defendants Dr. Raymond Mondoro and Katrina Simeon ("Defendants"), in response, ask the
2   Court to deny the instant motion as untimely under Local Rule 26-4, which requires Plaintiff to submit
3   the instant motion 21 days before the discovery deadline of June 15, 2015. See Doc. # 96 at 2
4   (amended scheduling order); see also Doc. # 104 (Plaintiff's motion received and court dated on
5   June 1, 2015). However, even if the Court were to consider Plaintiff's motion, Defendants contend
6   that Plaintiff fails to show good cause for the additional time requested because changes made to a
7   deposition transcript do not necessitate an extension of discovery. Additionally, per Defendants, the
8   possibility of defending officers disclosing more documents, or the possibility of having to serve
9   subpoenas on non-party members, are speculative and do not necessitate a discovery extension. With
10  respect to the latter, Defendants add that Plaintiff has received all of his medical records to date and
11  therefore Plaintiff should be able to determine whom to subpoena.

12  In reply, Plaintiff restates his earlier assertions. Plaintiff also provides an extremely detailed
13  report of his purported efforts in this case.

14  This Court agrees with Defendants and finds that Plaintiff fails to provide a viable basis for
15  extending discovery in the instant case. As such, Plaintiff's motion is denied.

16  **3.    Motion for Leave of Court to Supplement Doc. # 104 (doc. # 111)**

17  Because Plaintiff's motion to extend discovery (doc. # 104) is denied, the Court finds the
18  instant motion moot.

19  **4.    Motion for Issuance of Subpoena Duces Tecum (doc. # 106)**

20  Plaintiff brings another motion to issue a subpoena duces tecum to third party CCDC. No
21  response was filed.

22  A review of the instant motion reveals that Plaintiff seeks to compel the CCDC to produce
23  information for another 26 separate requests. See Doc. # 106 at 9-11. Like Plaintiff's first motion,
24  the instant motion also fails because it does not show, among others, the relevance of the information
25  sought and whether the records sought are obtainable only through the CCDC. As such, the instant
26  motion is denied.
27  //
28  //

**5.     Notice of Concern (doc. # 109)**

In his notice, Plaintiff asks the Court to extend discovery or order Defendants Hightower and Reyes to respond to his second request for production of documents.  Plaintiff explains that defense counsel purportedly told him no response was forthcoming because the response would be due after the discovery cut-off date.

Upon review, this Court finds that Plaintiff's "notice" is actually an improperly filed motion to compel and motion to extend discovery, which this Court need not address.  Nevertheless, even if the Court were to consider Plaintiff's "notice," the "notice" would fail because Plaintiff does not provide a copy of his request for production of documents or establish the relevance or materiality of the materials requested.  Without more, the Court must deny Plaintiff's request.

## CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (doc. # 101) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Discovery (doc. # 104) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave of Court to Supplement Doc. # 104 (doc. # 111) is **denied as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Issuance of Subpoena Duces Tecum (doc. # 106) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Notice of Concern (doc. # 109) is **denied**.

DATED: August 3, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**