UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Ronnie Edwards,

    Plaintiff

v.

Officer Hightower et al.,

    Defendants

Case No.: 2:13-cv-01316-JAD-CWH

**Order Denying Motions to Amend, for Reconsideration of Magistrate Judge's Denial of Copywork Extension Request, and to Stay Summary-Judgment Briefing; but Granting Extension of Plaintiff's Deadline to Respond to Motions for Summary Judgment**

[ECF 91, 94, 121, 122]

Ronnie Edwards claims he suffered civil-rights violations at the hands of Clark County Detention Center (CCDC) guards during his pretrial detention.[1] Defendants have filed two motions for summary judgment.[2] Edwards has several motions pending. He moves for reconsideration of Magistrate Judge Hoffman's denial of his request to extend his copywork limit,[3] to amend his complaint to add the names of three defendants previously sued as John Does,[4] to stay the summary-judgment proceedings,[5] and (alternatively) for a 45-day extension of his deadline to respond to defendants' summary-judgment motions.[6] I address them each in turn.

**A.**   **Motion for Reconsideration of Copywork Limit Motion [ECF 91]**

Edwards moved to extend his copywork limit.[7] Magistrate Judge Hoffman denied that motion because Edwards does not have a right to free photocopying and had not demonstrated why

---

[1] *See* ECF 6 at 10 (screening complaint as required by 28 U.S.C. § 1915A).

[2] ECF 115, 117.

[3] ECF 91 (seeking reconsideration of ECF 81).

[4] ECF 94.

[5] ECF 121.

[6] ECF 122.

[7] ECF 79.

1

he requires an increase.[8] Edwards moves to reconsider that decision, claiming that he was anticipating the need to produce the discovery he receives from the CCDC and Naphcare in response to subpoenas he was seeking to serve.[9] But Edwards's requests for that discovery have been denied, so it does not appear that the copies he anticipated will be necessary.[10] A magistrate judge's pretrial order is not subject to de novo review, and the reviewing court "may not simply substitute its judgment for that of the deciding court."[11] "A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil . . . case . . . where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."[12] I do not conclude that Magistrate Judge Hoffman's denial of Edwards's request to extend his copywork limit was clearly erroneous or contrary to law. Accordingly, the motion for reconsideration is denied.

**B.    Motion to Amend [ECF 94]**

Next, Edwards moves for leave to file an amended complaint to replace some of the defendants previously identified as John Doe defendants with their real names.[13] There are two problems with Edwards's request. The first is that the proposed amended complaint he submits continues to contain claims and parties that have been dismissed from this case with prejudice. In the screening order, Edwards's claims against Naphcare were "dismissed with prejudice, as amendment would be futile."[14] But his proposed amended complaint continues to assert claims against Naphcare.[15] As a result, the court will not permit the filing of this proposed amended complaint.

---

[8] ECF 81.

[9] ECF 91 at 2.

[10] *See* ECF 123.

[11] *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

[12] LR IB 3-1; 28 U.S.C. § 636(b)(1)(A).

[13] ECF 94.

[14] ECF 6 at 10.

[15] ECF 94 at 6, 9, 27, 31.

2

The second problem with Edwards's motion is that it was filed after the deadline for seeking leave to amend. The last day for any party to move to amend the pleadings and add parties in this case was March 30, 2015.[16] But Edwards's motion was not dispatched until April 23, 2015, which was 24 days after that deadline. When a party seeks leave to amend his complaint after the deadline for amendment, he must also show good cause for the tardiness of his request:

> [W]hen a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleadings has expired, the moving party must satisfy the "good cause" standard of Federal Rule of Civil Procedure 16(b)(4), which provides that "[a] schedule may be modified only for good cause and with the judge's consent," rather than the liberal standard of Federal Rule of Civil Procedure 15(a). "Unlike Rule 15(a)'s liberal amendment policy[,] which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the amendment." While a court may take into account any prejudice to the party opposing modification of the scheduling order, "the focus of the Rule 16(b) inquiry is upon the moving party's reasons for seeking modification . . . if that party was not diligent, the inquiry should end."[17]

Edwards has not shown good cause for the delay in his amendment request. Accordingly, this request to amend is denied without prejudice. Edwards is cautioned that the time for amendment has passed; if he files another motion to amend, he must ensure that his proposed amended complaint does not contain any claims or parties that have been dismissed with prejudice, and, in his motion, he must show that he was diligent in seeking the amendment after the deadline.

### C. Motion to Stay Summary-judgment Proceedings and Motion for a 45-day Extension of Deadline for Summary-judgment Response [ECF 121, 122]

Edwards also filed a motion to stay the summary-judgment proceedings because he was awaiting rulings on various discovery-related motions.[18] The vast majority of those motions have

---

[16] ECF 96 at 2.

[17] *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) cert. granted sub nom. *Oneok, Inc. v. Learjet, Inc.*, 134 S. Ct. 2899 (2014) and aff'd sub nom. *Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015), and cert. denied sub nom. *AEP Energy Servs. v. Heartland Reg'l Med. Ctr.*, 135 S. Ct. 2048 (2015) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

[18] ECF 121.

now been resolved, eliminating any need for a stay. Regardless, I find that any of the concerns that Edwards addresses in this stay motion can be eliminated by granting his other request for a 45-day extension of time to respond to the defendants motions for summary judgment.[19] If, when preparing his response to those motions for summary judgment, Edwards continues to believe he has an argument under FRCP 56(d), he should incorporate that argument into his response; he should not file a separate motion.

## Conclusion

Accordingly, IT IS HEREBY ORDERED THAT:

- Plaintiff's Motion for Reconsideration of Magistrate Judge Hoffman's denial of his request to increase his copywork limit **[ECF 91] is DENIED**;

- Plaintiff's Motion for Leave to Amend his complaint to replace the John Doe defendants with true names **[ECF 94] is DENIED** without prejudice;

- Plaintiff's FRCP 56(d) Motion **[ECF 121] is DENIED** without prejudice to plaintiff's ability to reassertion of any FRCP 56(d) arguments into his response to the motions for summary judgment; and

- Plaintiff's Motion for Extension of Time to Respond to Both Defendants' FRCP Rule 56 Motions for Summary Judgment **[ECF 122] is GRANTED. Plaintiff's deadline to respond to defendants' motions for summary judgment is extended to September 22, 2015.** Plaintiff is advised that he may respond to both motions in a single, combined opposition if he believes it economical and practical to do so to avoid repetition of arguments, facts, or exhibits.

DATED August 26, 2014.

_____
Jennifer A. Dorsey
United States District Judge

---

[19] ECF 122.