# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RONNIE EDWARDS,

           Plaintiff,

vs.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al*.

           Defendants.

Case No. 2:13-cv-01316-JAD-CWH

**ORDER**

## **INTRODUCTION**

This matter is before the Court on Plaintiff's motions (docs. # 119, # 120, # 135), and Defendants' responses (docs. # 124, # 125, # 129, # 130, # 137) to these motions. Plaintiff did not file replies.

## **BACKGROUND**

Plaintiff, proceeding pro se, is a prisoner in the custody of the Nevada Department of Corrections ("NDOC") and currently incarcerated at the High Desert State Prison. On January 14, 2014, the Court entered a screening order finding that Plaintiff had pled sufficient facts to support his Eighth Amendment claims for deliberate indifference to his medical needs and deliberate indifference to his safety. See Doc. # 6. The Court's screening order also directed the Clerk of Court, among others, to issue summonses for various defendants and to send plaintiff USM-285 forms to fill out and furnish to the U.S. Marshals Service so defendants could be served. Id. The Court subsequently issued orders governing service, along with a discovery schedule, in the instant case. See Docs. # 23, # 37, # 42, # 54, # 55.

**DISCUSSION**

**1.     Motion to Compel Discovery (doc. # 119)**

Plaintiff seeks to compel: (1) initial and amended responses from Dr. Mondora, Simeon, Hightower, Scott, and Reyes; (2) documents from Dr. Mondora, Simeon, Hightower, Scott, and Reyes; and (3) "non-blank pages" from defense counsel.

In response, Dr. Mondora and Simeon contend that, with respect to Plaintiff's request for production no. 4 ("request no. 4), Plaintiff violated Local Rule 26-7(a) by failing to set forth the complete text of the response to Plaintiff's request. Dr. Mondora and Simeon next point out that Plaintiff failed to identify the additional information he seeks to compel, or to show why the response to request no. 4 is unjustified. Dr. Mondora and Simeon then point out that request no. 4 appears to seek information likely protected by the attorney-client privilege and work product doctrine, and that Plaintiff has already received all known responsive information involving request no. 4. Assuming Plaintiff seeks a copy of his "sick call" appointment list in request no. 4, Dr. Mondora and Simeon contend that the document was already disclosed to Plaintiff in their fifth supplement to initial disclosures.

With respect to Plaintiff's request for production no. 11 ("request no. 11"), Dr. Mondora and Simeon argue that this overbroad and vague request seeks information that has already been disclosed to Plaintiff. Dr. Mondora and Simeon explain that a discussion with Plaintiff during the May 14, 2015 "meet and confer" revealed that Plaintiff was seeking a copy of his "sick call" appointment list. Because this was already provided to Plaintiff in a supplement, Dr. Mondora and Simeon argue that request no. 11 is moot.

With respect to Plaintiff's June 8, 2015 discovery request, Dr. Mondora and Simeon argue that they should not be compelled to respond because Plaintiff failed to timely serve his request. Dr. Mondora and Simeon explain that the June 8th request should have been served prior to May 15, 2015[1] and, consequently, defense counsel sent correspondence to Plaintiff on July 2, 2015 objecting to the untimely discovery request. Lastly, with respect to the "blank pages" Plaintiff sought from defense counsel, Dr. Mondora and Simeon point out that Plaintiff was specifically informed at the "meet and

---

[2] Under Rule 36 of the Federal Rules of Civil Procedure, a party has 30 days to respond to discovery requests.

confer" and, later, following Plaintiff's deposition, that the page stamped as NaphCare 151 is correctly blank, and that no information is missing from the discovery produced involving Plaintiff's medical records. As such, Dr. Mondora and Simeon conclude that Plaintiff's motion should be denied.

Meanwhile, Hightower, Scott, and Reyes contend that Plaintiff brings new issues before the Court that were never raised or discussed at a "meet and confer." Hightower, Scott, and Reyes also contend that any alleged issues Plaintiff has with the discovery responses lack merit. Specifically, with respect to requests for production 1, 2, and 3 served on Scott, all materials within Scott's custody, including work orders, were produced to Plaintiff but not "bed move" records, which Scott has no control over, and Plaintiff was previously informed of such.

With respect to requests for production 1, 2, and 7 served on Reyes, Reyes argues that he has no control over responsive documents to Plaintiff's vague requests, and any responsive documents should have been requested from the Las Vegas Metropolitan Police Department ("LVMPD"), which Reyes previously explained to Plaintiff.

With respect to requests for production 1, 2, and 3 served on Hightower, Hightower argues that the ITag report, which Plaintiff describes as a "log book," was already produced to Plaintiff twice, along with incident reports and work orders. Any other documents Plaintiff seeks, per Hightower, should have been requested from the LVMPD, with Hightower already informing Plaintiff of such.

With respect to Plaintiff's discovery requests served on May 20, 2015 and June 15, 2015, Hightower, Scott, and Reyes argue that they should not be compelled to respond because Plaintiff failed to timely serve these requests. Hightower, Scott, and Reyes explain that these requests should have been served prior to May 15, 2015 and, consequently, they sent correspondence informing Plaintiff that they would not be responding to these untimely requests. Given such, Hightower, Scott, and Reyes ask the Court to deny Plaintiff's motion. Plaintiff did not file a reply.

Upon review of the information and exhibits provided, this Court agrees with Defendants and finds no basis for granting the instant motion. As such, Plaintiff's motion is denied.

**2.     Motion for Emergency Hearing for Motion to Compel (doc. # 120)**

Because the Court denies Plaintiff's motion to compel discovery (doc. # 119), the Court denies as moot Plaintiff's motion for an emergency hearing.

### 3. Motion for Reconsideration of Doc. # 123 (doc. # 135)

Plaintiff asks the Court to reconsider it's prior order (doc. # 123), and provides a detailed synopsis of his purported efforts in obtaining discovery from Defendants in this case.

Dr. Mondora and Simeon, in response,[2] contend that Plaintiff's motion should be denied because: (1) the correction requested is neither clerical in nature, nor an omission on the part of the magistrate judge; (2) Plaintiff fails to provide any grounds for reconsideration; (3) Plaintiff fails to demonstrate "extraordinary circumstances" warranting a reconsideration of the prior order; (4) the order at issue is a non-appealable order; and (5) Plaintiff makes only a general objection to the Court's prior order but fails to demonstrate that it is clearly erroneous or contrary to law. Plaintiff did not file a reply.

This Court finds that Plaintiff fails to assert any grounds in support of his request for reconsideration, and merely disagrees with this Court's order. Indeed, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985); see also Merozoite v. Thorp, 52 F.3d 252, 255 (9th Cir.1995) (denying motion for, among others, failing to demonstrate that "extraordinary circumstances" exist warranting reconsideration); Khan v. Fasano, 194 F.Supp.2d 1134, 1136 (S.D. Cal.2001) ("A party cannot have relief under this rule merely because he or she is unhappy with the judgment."). As such, Plaintiff's motion is denied.

### CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Discovery (doc. # 119) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Emergency Hearing for Motion to Compel (doc. # 120) is **denied as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration of Doc. # 123 (doc. # 135) is **denied**.

DATED: September 21, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

---

[1] Hightower, Reyes, and Scott filed a joinder (doc. # 138) to Dr. Mondora and Simeon's response (doc. # 137).