UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Ronnie Edwards,<br><br>    Plaintiff<br><br>v.<br><br>Las Vegas Metropolitan Police Department, et al.,<br><br>    Defendants | 2:13-cv-01316-JAD-CWH<br><br>**Order Denying Motions for Attorney's Fees and Motion for Reconsideration**<br><br>[ECF Nos. 161, 163, 166] |

Pro se prisoner Ronnie Edwards sued Clark County Detention Center (CCDC) correctional officers and medical staff under 42 U.S.C. § 1983 for injuries he sustained when he slipped and fell on a puddle while awaiting trial at the CCDC.[1] Because Edwards lacked evidence to show that defendants were deliberately indifferent to his safety or serious medical needs, I granted their motions for summary judgment and closed this case.[2] The defendants now separately move for attorney's fees under 42 U.S.C. § 1988,[3] and Edwards asks me to reconsider my summary-judgment order.[4] Because the defendants have not shown that Edwards's suit was frivolous, I deny their requests for attorney's fees. And because I see no valid reason to revisit my summary-judgment order, I deny Edwards's motion for reconsideration.[5]

**Background**

In June 2013, Edwards slipped on a puddle of water near the showers at the CCDC. Edwards made several trips to medical after the slip and was twice transported to the University Medical Center for testing. But despite Edwards's frequent medical kites and extensive testing, all

---

[1] ECF No. 7.

[2] ECF No. 158.

[3] ECF Nos. 161, 163.

[4] ECF No. 166.

[5] I find these motions suitable for disposition without oral argument. L.R. 78-1.

tests—save an x-ray taken shortly after the slip that revealed soft tissue swelling in his right hand and a muscle spasm in his back—were negative for injury. Edwards was given pain killers and muscle relaxers but continued to complain about his symptoms. He filed suit, alleging that the correctional-officer defendants were deliberately indifferent to the serious risk to his safety posed by the puddle and that both the officer and medical-staff defendants were deliberately indifferent to his serious medical needs when they failed to adequately treat him for his injuries stemming from the slip.

The defendants separately moved for summary judgment on all of Edwards's claims. I found that the officer defendants were entitled to summary judgment on Edwards's deliberate-indifference-to-safety claim because the slippery-floor situation that Edwards experienced does not qualify as a serious safety risk under Ninth Circuit precedent.[6] I also concluded that the officer defendants were entitled to summary judgment on Edwards's deliberate-indifference-to-serious-medical-needs claims because they could reasonably rely on the expertise of the prison's medical staff, and were not under any obligation to provide Edwards further treatment than that provided by medical.[7] Finally, I found that the medical-staff defendants were also entitled to summary judgment on Edwards's medical-needs claims because the record reflects that these defendants were consistently responsive to Edwards's medical needs, all tests consistently returned negative results, and Edwards failed to offer any evidence to show that the medical treatment he received was medically unacceptable under the circumstances or that it was provided in conscious disregard for his health.[8]

**Discussion**

**A.   Defendants are not entitled to attorney's fees under § 1988(b).**

The American Rule recognizes that each party in litigation must bear its own attorney's fees in the absence of a rule, statute, or contract authorizing an award of fees.[9] Section 42 U.S.C. § 1988(b) is a fee-shifting statute. It allows district courts to award attorney's fees to the prevailing

---

[6] ECF No. 158 at 9.

[7] *Id.* at 12.

[8] *Id.* at 14.

[9] *MRO Commc'n Inc. v. Tel. & Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999).

party in § 1983 cases. But attorney's fees in civil-rights cases should be awarded to a defendant only in exceptional circumstances.[10] A defendant may recover attorney's fees only if the plaintiff's action was "frivolous, unreasonable, or without foundation."[11] An action becomes frivolous when the result appears obvious or arguments are wholly without merit, and a defendant can recover if the plaintiff violates this standard at any point during the litigation, not just at the inception.[12]

The officer defendants request $41,397 in attorney's fees and the medical-staff defendants request $46,442. The defendants argue that Edwards's claims were groundless because he failed to offer evidence to show that his constitutional rights were violated.[13] They contend that Ninth Circuit law is clear that a puddle of water does not constitute a significantly serious safety risk and that Edwards's medical records show that he received adequate medical treatment.

I decline to award defendants any attorney's fees in this action. Defendants have not shown that Edwards's suit was or became frivolous. Edwards represented himself in this action, and he made good-faith deliberate-indifference arguments: a concept even licensed attorneys frequently struggle with. The law in the Ninth Circuit on what constitutes a sufficiently serious safety risk is not crystal clear, and I derived the rule that I applied in this case from a trio of Ninth Circuit cases. For these reasons, I decline to award the nearly $90,000 in attorney's fees that the defendants collectively request against this pro se plaintiff (who has also qualified for pauper status, which suggests that any fee award would also be a pyrrhic victory at best.

**B.    Motion to reconsider**

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" by presenting "facts or law of a strongly convincing nature."[14] Reconsideration is appropriate if the court "(1) is presented with newly discovered evidence, (2) committed clear error

---

[10] *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990).

[11] *Id.* (internal citations omitted).

[12] *Christianberg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978).

[13] ECF Nos. 161 at 11, 163 at 5.

[14] *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003).

or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."[15]  "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled."[16]

Edwards offers three bases that he claims warrant reconsideration of my order: (1) he asserted a FRCP 56(d) argument in response to the defendants' summary-judgment motions; (2) Edwards is legally blind in both eyes, which exacerbated the danger the puddle posed; and (3) the court credited the defendants' side of the story even though they lied on multiple occasions.[17]

Edwards's Rule 56(d) argument fails because he merely referenced Rule 56(d) in a declaration he attached to his opposition; he did not comply with the requirements for relief under that rule.  In his declaration, Edwards conclusorily argued that Rule 56(d) precluded summary judgment because he needed to subpoena Naphcare, CCDC, and Las Vegas Metropolitan Police Department for "records."[18]  But Rule 56(d) requires the movant to show that, "for specified reasons, [he] cannot present facts essential to justify" his opposition.[19]  Extensive discovery was conducted in this case, and Edwards has not identified any circumstances that prevented him from presenting the necessary facts in his opposition; he does not identify what documents he needs that he did not receive in the course of discovery or indicate what additional facts those additional records would have revealed.  Accordingly, I decline to reconsider my summary-judgment order based on Edwards's thin Rule 56(d) request.

As to Edwards's second argument, I found that the slippery-floor situation that Edwards encountered was not a sufficiently serious safety risk because Edwards did not "allege[] that another condition exacerbated the hazard of the slippery floor or hampered his ability to reduce the risk of

---

[15] *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

[16] *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

[17] ECF No. 166 at 3.

[18] ECF No. 141 at 48.

[19] FED. R. CIV. P. 56(d).

injury should he fall."[20]  Edwards now argues—for the first time—that he is legally blind in both eyes.  Edwards represents that his "deposition transcript, medical records, etc." show that he is blind.[21]  I decline to comb through the hundreds of pages of records in this case to find evidence showing that Edwards is legally blind, and he does not explain how his vision issue contributed to the fall.  Additionally, Edwards waived this argument—which he clearly should have been aware of—by failing to raise it in opposition to defendants' summary-judgment motions.  Edwards's conclusory assertion that his vision impairment exacerbated the risk of the puddle is also belied by his deposition testimony that he saw the puddle on the floor for days leading up to the slip[22] and that he does not wear his glasses consistently.[23]

Finally, I decline to reconsider my order based on Edwards's assertion that I improperly credited the defendant-witnesses' testimony over his own.  My order was based solely on the undisputed facts in the record in this case and the controlling law; I did not weigh credibility when I made my rulings.  Because Edwards has given me no valid reason to reconsider my order granting defendants' motions for summary judgment, his motion to reconsider is denied.

### Conclusion

Accordingly, IT IS HEREBY ORDERED that **defendants' motions for attorney's fees [ECF Nos. 161, 163] are DENIED; and Edward's motion to reconsider [ECF No. 166] is DENIED.**

Dated this 21st day of June, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

[20] ECF No. 158 at 10.

[21] ECF No. 166 at 2.

[22] ECF No. 115-4 at 10 (testifying that he did not see the puddle on the day of the slip but that he had seen it on other occasions).

[23] *Id.* at 39.  It is also belied by the fact that Edwards has filed hundreds of pages of handwritten documents in this case, including drawings of the area around the puddle.  *See* ECF No. 115-4 at 3.