UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Ronnie Edwards,<br><br>    Plaintiff<br><br>v.<br><br>Clark County, et al.,<br><br>    Defendants | 2:13-cv-01316-JAD-CWH<br><br>**Order Denying Motion to Stay Pending Appeal**<br><br>**[ECF No. 174]** |

   Pro se prisoner Ronnie Edwards sued Clark County Detention Center (CCDC) correctional officers and medical care staff under 42 USC §1983 for injuries he sustained when he slipped and fell on a puddle while awaiting trial at the CCDC.[1] I granted summary judgment in favor of the defendants,[2] and Edwards appealed.[3] Defendants submitted bills of costs,[4] and the Clerk of Court taxed $6,172.84 in costs against Edwards.[5] He did not object to the bill of costs or move to retax those costs, nor did he amend his notice of appeal to challenge their award. But Edwards now moves to stay collection of those costs[6] pending the appeal. I construe his thin motion as a request for a stay

---

[1] ECF No. 7.

[2] ECF No. 158.

[3] ECF No. 164. The Ninth Circuit case number is 16-15498.

[4] ECF Nos. 160, 162.

[5] ECF Nos. 168 (Hightower, Reyes, Scott), 169 (Katrina, Mondora).

[6] ECF No. 174. Edwards "requests that this Honorable Court stay its order granting the Defendants Attorney fee and cost." *Id*. at 1. But I denied defendants' motion for attorneys' fees. ECF No. 175. So I construe Edwards's request as a motion to stay enforcement of the judgment (which includes only costs, not fees) pending appeal.

   The document is entitled "motion to stay/objection." But it was filed more than three months after the bills of costs and more than two months after the award. *See* ECF Nos. 160 (bill of costs filed 3/11/16); 162 (bill of costs filed 3/16/16); 168 & 169 (costs taxed 4/14/16); 174 (motion to

without having to post a supersedeas bond, and I deny it.

**Discussion**

Rule 62(d) of the Federal Rules of Civil Procedure allows an appealing party to "obtain a stay by supersedeas bond." "The stay takes effect when the court approves the bond."[7] In essence, the stay issues as a matter of right when the supersedeas bond is posted under Rule 62(d).[8]

Edwards has not mentioned the supersedeas-bond requirement or even Rule 62, but I construe his motion as one seeking a stay without a bond because he has taken no steps to post one. While there is some authority for the proposition that district courts may grant a stay pending appeal without requiring the appellant to post a bond under limited circumstances,[9] Edwards has offered no reason why he should be relieved of the supersedeas-bond obligation in this case. He just baldly but "respectfully requests that" I "stay" the cost award "pending the outcome of" his appeal.[10] I deny his request because he has not demonstrated any basis to waive the supersedeas-bond requirement to obtain a stay. If Edwards wants a stay pending appeal, he must post a $6,172.84 supersedeas bond.

---

stay/objection filed 6/20/16). Local Rule 54-1(c) states that the "deadline to file and serve any objection to a bill of costs is 14 days after service of the bill of costs," and the objection "must specify each item to which objection is made and the grounds for the objection." Edwards's objection consists of the single sentence, "The Plaintiff hereby objects to this Court's award of Attorney fees and Cost to the Defendants in this Case." ECF No. 174 at 2. This objection is both fatally late and substantively lacking, so I overrule it.

[7] Fed. R. Civ. P. 62(d).

[8] Wright, Miller, Kane, Marcus, Spencer & Steinman, 11 Fed. Prac. & Proc. Civ. § 2905, *Stay Upon Appeal* (3d ed.).

[9] *See, e.g., Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979).

[10] ECF No. 174 at 2.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion to Stay/Objection **[ECF No. 174] is DENIED**. Edwards must post a $6,172.84 supersedeas bond to stay enforcement proceedings pending appeal.

Dated this 29th day of September, 2016.

_____
Jennifer A. Dorsey
United States District Judge